United States District Court
Southern District of Ohio
Western Division

GARY KRANTZ,

    Plaintiff,

v.

STEVEN T. MNUCHEN, Secretary of
the Treasury, *et al.*,

    Defendants.

Case No: 1:19-cv-454

Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

Proceeding *pro se*, Plaintiff filed this employment discrimination action and paid the requisite filing fee in June 2019. Proceedings were briefly delayed by the Court's conditional grant of a referral to the Volunteer Lawyer's Project ("VLP"); however, after VLP was unable to secure counsel, Plaintiff's motion for the appointment of counsel was denied. Currently pending is a motion to dismiss, along with Plaintiff's "Motion for Immediate Finding in favor of the Plaintiff." For the reasons that follow, the motion to dismiss will be GRANTED, and Plaintiff's motion will be DENIED.[1]

    **I.    Standard of Review**

The motion to dismiss has been filed under Rule 12(b)(6). In considering the motion, the Court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007). Under Rule 8, a claim for

---

[1] The parties have consented to final disposition by the undersigned magistrate judge. *See* 28 U.S.C. §636(c).

relief should be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. Rule 8(a)(2). Based upon the liberal pleading standards of Rule 8 and the standard of review, it is more common for cases to be disposed of on motions for summary judgment, following discovery, than for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6). Nevertheless, a court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Commercial Money Ctr.*, 408 F.3d at 336. Thus, a motion to dismiss will be granted if a complaint lacks any legal basis for the claims, or if the facts alleged are so conclusory as to be insufficient to state any claim.

"The complaint must not only include legal conclusions, but must make factual allegations, which are accepted as true to state a plausible claim for relief." *Smith v. Tipton County Board of Education*, 916 F.3d 548, 552 (6th Cir. 2019); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). While such determination rests primarily upon the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir. 1997)) (emphasis omitted).

Based upon the complaint filed in this Court and exhibits attached to the pleadings, it is clear that Plaintiff fails to state any plausible claim against any Defendant. Further,

2

no amendment would cure the defects in Plaintiff's complaint because this Court lacks jurisdiction.

## II. Facts Alleged in the Pleadings and Accompanying Exhibits

Plaintiff is a former employee of the Internal Revenue Service who retired on December 31, 2018. He filed his complaint on a form provided to assist pro se litigants in filing claims of employment discrimination. Under "Statement of Claim," the form asks the litigant to state the facts of his case, including "how each defendant is involved," and including "the names of other persons involved, dates, and places." Plaintiff identifies three individual Defendants in his complaint, all presumed to be named in their official capacities: the Secretary of the Department of Treasury, the United States Attorney, and the Attorney General.[2]

None of the individual Defendants are referenced in Plaintiff's complaint. Instead, the entirety of Plaintiff's Statement of Claim reads as follows:

> With the closing of the Cincinnati Service Center, all qualified retirees under age 62 will be granted a supplemental annuity. Similarly eligible older retirees are denied this annuity. With the closing, Voluntary Early Retirement is not voluntary. Denial of this annuity under the above conditions constitutes age discrimination.

(Doc. 4 at 3). In the "Relief" section of the complaint, Plaintiff seeks monetary damages equal to an award of the supplemental annuity until he attains the age of 66 and 2 months as well as punitive damages. The complaint also seeks, on behalf of other employees who may be impacted through "Future Service Closings" in Philadelphia and Fresno, an

---

[2]The docket reflects that both the answer and the motion to dismiss were filed on behalf of all three Defendants. However, closer review of the text of both the answer and the motion suggests that both were filed only on behalf of the Secretary of the Treasury. Regardless of the textual anomaly, dismissal of the complaint remains appropriate based upon Plaintiff's failure to state any claim against any Defendant, as well as a lack of jurisdiction.

3

award of similar supplemental annuities to be provided to anyone else over the age of 62. (*Id.* at 4).[3]

Plaintiff's complaint indicates that he received a Notice of his right to sue on May 6, 2019. Although Plaintiff did not attach a copy of his Equal Employment Opportunity ("EEO") complaint as instructed on the civil complaint form, the Defendants have attached a copy of Plaintiff's EEO complaint as an exhibit to the answer.[4] (Doc. 13-1) The referenced administrative complaint was filed on April 22, 2019.

On or about May 6, 2019, Plaintiff received a "Department of the Treasury Final Agency Decision" ("FAD") in response to his EEO complaint. (Doc. 4 at 4-7). The FAD sets forth Plaintiff's claim as follows:

> Complainant argues that in November 2018, unnamed Internal Revenue Service (IRS) Human Resources personnel told him that under the current regulations governing FERS, because he would be age 62 when he retired on December 31, 2018, and because he would then be eligible to receive Social Security retirement benefits, he would not be eligible to receive a Special Annuity Supplement under FERS which is aimed at bridging the monetary gap for FERS employees who retire before age 62 when they are not yet eligible to receive Social Security benefits….
>
> Complainant states that once he retired on December 31, 2018, OPM discriminated against him by failing to provide him with the same FERS Special Annuity Supplement that is available to those who retire before age 62. His complaint specifically states that the agency that discriminated against him was OPM, not the IRS. In any event, the IRS does not control the FERS eligibility requirements which Complainant apparently seeks to challenge, and the IRS has no authority to change those requirements. Under these circumstances, the Department of Treasury (IRS) is not the correct agency to be named as the agency that discriminated against Complainant, and thus the complaint fails to state a claim….

---

[3]In his response in opposition to dismissal, (Doc. 20), Plaintiff states that he is "withdraw[ing] my claim for Fresno and Philadelphia as I am not sure that legally that is a possibility." (Doc. 20 at 4). Indeed, a pro se litigant may not represent any other individual.
[4]This Court may consider the EEO complaint, a matter of public record that is integral to the complaint, within the context of Rule 12(b)(6). Plaintiff refers to his EEO proceeding within the body of his complaint and includes a copy of the Final Agency Decision that addresses his EEO complaint.

4

(Doc. 4 at 4-5). Attached to the FAD dismissing his claim is a notice that informs Plaintiff of his appeal rights. The FAD notice states that Plaintiff may further appeal to the EEOC within 30 days, or alternatively, initiate a civil action in a U.S. District Court within 90 days. Plaintiff elected to file his civil complaint in this Court on June 27, 2019. (Doc. 4 at 6-7).

### III. Analysis

#### A. Defendants' Motion to Dismiss

It is clear that Plaintiff's complaint is based wholly upon actions taken by the Office of Personnel Management ("OPM"). On December 31, 2018, Plaintiff retired from the Internal Revenue Service prior to a reduction-in-force resulting from the abolishment of the Submission Processing unit at the Cincinnati Service Center. Plaintiff was over the age of 62 at the time. (Doc. 13-1). Plaintiff alleges that the denial of the Special Annuity Supplement to retirees like Plaintiff who were age 62 or older, constitutes age discrimination.

In his administrative complaint, Plaintiff explicitly identifies OPM as the agency that is responsible for the alleged discriminatory action. (Doc. 13-1 at 2). The Final Agency Decision ("FAD") rendered by the Department of Treasury's Office of Civil Rights and Diversity dismissed Plaintiff's complaint on grounds that Plaintiff failed to sue the correct Defendant. This Court concludes that Plaintiff has failed to state a claim as a matter of law for the same reason.

The law is clear that Plaintiff may sue only the agency that actually discriminated against him: here, OPM. *See* 29 C.F.R. § 1614.106(a). As stated in the FAD, and as acknowledged by Plaintiff himself in his EEO complaint, OPM and not Plaintiff's former agency is the entity that controls Plaintiff's retirement benefits, including but not limited to

5

FERS eligibility and/or supplemental annuity requirements. Only OPM has authority to change those requirements. Plaintiff's failure to sue OPM is grounds for dismissal by this Court. See 29 C.F.R. § 1614.107(a)(1).[5]

Accepting all of the alleged facts as true, no cause of action or remedy exists as to any of the three named Defendants. The complaint fails to allege any wrongdoing by any individual, including the Secretary of the Department of Treasury. Plaintiff seeks a remedy based upon his failure to receive a supplemental annuity upon his retirement. However, by statute, an award of annuity benefits lies exclusively within the control of OPM. See 5 U.S.C. § 8461(b). Congress created OPM to cover the field of federal employee claims and benefits. *Filebark v. U.S. Dept. of Transportation*, 555 F.3d 1009, 1014 (D.C. Cir. 2009). Thus, as a matter of law, there is no possible remedy that either the Secretary of the Treasury, or the U.S. Attorney, or the Attorney General could offer Plaintiff. Accordingly, Plaintiff's complaint must be dismissed for failure to state a claim.

In his opposition to dismissal, Plaintiff attempts to refute the contention that OPM is the agency that has discriminated against him. Plaintiff now argues that OPM is only the "administrator" and that it actually is his former employer, the Department of Treasury, that offers the supplemental annuity as a benefit to its employees. In support of his new position, Plaintiff asserts that the "*amount* of the annuity" is calculated for each retiree only after the retiree completes a "special form" that is submitted to OPM to allow the proper calculation to be made. (Doc. 20 at 2). According to Plaintiff, "[t]hat form is controlled by the Benefit Specialist" working in the employing agency: the IRS in his case.

---

[5]Unlike Title VII and the Rehabilitation Act, federal employees with ADEA claims need not administratively exhaust their claims prior to filing suit in this Court. See 29 U.S.C. § 633a(c); see also *Langford v. U.S. Army Corps. of Engineers*, 839 F.2d 1192, 1195 (6th Cir. 1988).

(Doc. 20 at 2). Plaintiff asserts that he asked for the "special form" from the IRS Benefit Specialist but "was denied it since I was over the age of 62." (Doc. 20 at 3). Since his supplemental annuity benefit allegedly could not be calculated by OPM without receipt of the form from the IRS, Plaintiff concludes: "it is my contention that the Treasury [Department] denied me an opportunity to get the [supplemental] annuity."

Plaintiff's argument is fatally flawed. Not only is Plaintiff's argument wholly unsupported by any authority and contradicted by his own complaint, it is directly refuted by the statutory and case authority cited above. Plaintiff's new argument also speaks only to the logistical calculation of the "amount" of the annuity based upon a form he alleges the IRS refused to provide to him. However, Plaintiff was not eligible to complete the form based upon OPM regulations over which his employing agency has no authority.

Apart from naming the wrong Defendants, Plaintiff fails to state an age discrimination claim as a matter of law because the Age Discrimination in Employment Act specifically exempts from its provisions certain age-based pension eligibility determinations, such as the determination challenged in this lawsuit. See, e.g., See 29 U.S.C. § 623(l)(1)(A)(ii) (excluding "social security supplements for plan participants that commence before the age and terminate at the age (specified by the plan) when participants are eligible to receive reduced or unreduced old-age insurance benefits under title II of the Social Security Act (42 U.S.C. 401 et seq.), and that do not exceed such old-age insurance benefits."). In short, the ADEA clearly states that a defined benefit plan which provides for payments that constitute a subsidized portion of an early retirement benefit or provide a social security supplement that terminates when the participant becomes eligible to receive reduced or unreduced old-age insurance benefits under title

7

II of the Social Security Act "shall not constitute age discrimination under the ADEA." *Id.*; *see also generally, Kentucky Retirement Sys. v. EEOC*, 554 U.S. 135, 144 (2008).

Last but not least, Secretary Mnuchen persuasively argues that this Court lacks jurisdiction. Once jurisdiction has been challenged under Rule 12(b)(1), the plaintiff bears the burden of proving the existence of jurisdiction. *See Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). Plaintiff's complaint attempts to challenge a federal retirement benefit that is regulated by OPM. *See* 5 U.S.C. § 8461(b). Statutory remedies that fall outside of Title 5 and the Civil Service Reform Act may not be brought in *any* forum except as specified within the Act. *See, e.g., Elgin v. Dept. of Treasury*, 567 U.S. 1, 5 (2012) (constitutional claim regarding personnel law barred); *Fornaro v. James*, 416 F.3d 63, 67 (D.C. Cir. 2005) (extra-statutory claim to annuity benefits via the Administrative Procedures Act barred); *Jones v. TCF Nat'l Bank*, 2018 WL 4095036 (E.D. Mich. Aug. 28, 2018) (FTCA claim for payment of disability benefits to a closed bank account barred). The annuity at issue is administered by OPM and "may not be supplemented by the recognition of additional rights to judicial review having their resources outside the CSRA" but rather, must proceed first through the Merit Systems Protection Board and thereafter to the Federal Circuit. *Fornaro*, 416 F.3d at 66.

In his opposition to dismissal, Plaintiff complains that his case should not be dismissed since "creditable people, agencies, and such are all claiming that different agencies have jurisdiction." (Doc. 20 at 3). Plaintiff asserts that he was contacted by an IRS employee concerning his administrative complaint who "got as I got that this was an OPM matter." (*Id.*) Attempting to explain why he filed suit against his former employer even though he knew it was an "OPM matter," Plaintiff states:

> Since I was retired at the time of this filing and I had been informed by the OPM that 'all' complaints now must go through that agency, I filed accordingly. I also directly emailed the OPM…. Still getting no relief, and told that I could file in Court against the Treasury Department, which I did, duly showing the clerks at the time of filing the proper paperwork.

(*Id.*)

It is unclear what Plaintiff means when he states that he "filed accordingly" since the only EEO complaint of record and the only complaint he has filed in this Court both name the IRS (via the Secretary of the Treasury) and not OPM. Plaintiff asserts that he "tried with the Treasury and the OPM which never denied that this is age discrimination, just their own culpability." (Doc. 20 at 4). Plaintiff has attached three emails to his response in an apparent attempt to prove he contacted OPM. The emails cannot be considered in the context of a Rule 12(b)(6) motion. However, to the extent that Plaintiff is asserting a mistake or confusion, his error does not preclude dismissal.[6]

### B. Plaintiff's Motion for Immediate Finding in Favor of the Plaintiff

In support of Plaintiff's own motion, construed as a motion for judgment in his favor, Plaintiff complains first that the Assistant U.S. Attorney who has appeared in this case failed to file a waiver proving that Defendant Steven Mnuchen has waived any conflict of

---

[6] If Plaintiff's evidentiary exhibits were to be considered under Rule 56, judgment would still be granted in Defendants' favor. The first email from an IRS employee dated April 6, 2019 clearly explains that the IRS has "no say or control over your retirement benefits or your eligibility for the Supplemental Security Annuity," because the "rules were determined by OPM and all federal agencies are subject to OPM's regulations and policies." (Doc. 20 at 7). The email further states that "The IRS may not be the proper venue for your complaint, because the IRS did not create or regulate the policy regarding retirement and the Supplemental Annuity. You may need to contact/challenge OPM." In response, Plaintiff appears to have sent an email on April 7, 2019 to the address of retire@opm.gov that expresses Plaintiff's "wish that you please consider granting me the annuity," and his intention to file a "formal complaint…soon." The third email dated April 10, 2019 is presumed to be OPM's response to Plaintiff's email. The OPM email does not contain any specific reference to Plaintiff or to the annuity. Instead, the email contains standard general advice such as to "contact your current personnel office for information about retirement issues," or "your headquarters retirement counselor" if the local office is unable to help. The email also reiterates that OPM "has Government wide responsibility and oversight for Federal benefits administration" and encourages retirees to "contact our office" if any other assistance is needed.

9

interest. Based on alleged conflicts of interest, Plaintiff argues that counsel is precluded from appearing. Plaintiff maintains that the answer and the motion to dismiss are both "inadmissible." (Doc. 16 at 2). The undersigned declines to strike the answer or pending motion on this basis.

In addition, Plaintiff contends that neither the U.S. Attorney nor the Attorney General have submitted any defense, such that this Court must find in Plaintiff's favor as to those two Defendants. As noted above, *see* n. 2, the docket reflects that the answer and motion to dismiss were filed on behalf of all three Defendants, notwithstanding a discrepancy in the text that suggests representation only of Defendant Secretary of the Department of Treasury. However, even if a default had been entered under Rule 55(a) against the U.S. Attorney and Attorney General for failure to appear, no default judgment could be entered under Rule 55(b), Fed. R. Civ. P., based upon the failure of the complaint to state any claim as a matter of law.

### IV. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT** Plaintiff's construed motion for judgment (Doc. 16) be **DENIED**, that Defendants' Motion to Dismiss (Doc. 15) be **GRANTED** and that this case be dismissed.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

10